**UNITED STATES of America,**

v.

**Cedrick ATKINS a/k/a Shawn Talley Cedrick Atkins, Appellant.**

Nos. 02–1040, 02–1486.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 5, 2002.

Decided Jan. 23, 2003.

Before BECKER, Chief Judge, McKEE

and HILL,* Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

On June 8, 2000 a jury convicted Cedrick Atkins of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was thereafter sentenced to 183 months incarceration. Atkins now appeals that conviction.[1] For the reasons that follow, we will affirm.

Inasmuch as we are writing only for the parties and the district court, we need not set forth the factual or procedural background except insofar as may be helpful to our brief discussion. Atkins argues that the district court erred by not charging the jury on the offense of simple possession as a lesser offense included in the offense of possession with intent to distribute.[2] Atkins did not object to the district court's jury instructions. Accordingly, we will reverse only if we find plain error. *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir.1994). *See* Rule 52(b) Fed. R.Crim. Pro ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). In order for a plain error to exist

> [t]here must be an error that is plain and that affect[s] substantial rights. Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted).

Here, the evidence that Atkins possessed cocaine *with the intent to distribute* was overwhelming. During their search, detectives recovered paraphernalia often used in crack-cocaine distribution, such as new and unused plastic packets, razor blades, straws cut at one end and a candle used as a heat source to heat seal packets for retail distribution. Supp.App. 276; Supp.App. 426–435 (testimony of Officer John Brennan).

Officer John Brennan, the government's expert witness, testified that the evidence found at the defendant's home was consistent with possession with intent to deliver.

---

\* Honorable James C. Hill, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. Atkins' counsel did not appeal the judgment of sentence entered on December 7, 2000. On October 18, 2001, the Atkins filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. One of these claims was that his counsel was ineffective for failing to file a timely notice of appeal, as the defendant had requested. However, the district court vacated his original sentence of December 7, 2000 and resentenced him on February 8, 2002 to the same sentence of 183 months. Thereafter, pursuant to the court's direction, the clerk filed a notice of appeal on Atkins' behalf.

2. Atkins also attempts to argue (in two paragraphs at the end of his brief) that his trial was tainted by the inadvertent introduction of testimony that pertained to a count on which the district court subsequently granted a mistrial. However, at the conclusion of the evidence, the court gave an appropriately forceful instruction in which it told the jury to disregard all such evidence. Nothing on this record overcomes the presumption that the jury followed that curative instruction. *United States v. Newby*, 11 F.3d 1143, 1147 (3d Cir.1993). Therefore, to the extent that Atkins has raised that claim, we reject it as meritless.

Supp.App. 423. According to that testimony, the amount of cocaine base, the residueladen plate, scale, firearms,[3] bulletproof vest and packaging seized were wholly inconsistent with personal possession or addiction. Supp.App. 424.

We are, of course, well aware that Atkins attempted to raise a reasonable doubt about his intent to distribute by introducing testimony of his own expert. Former Philadelphia Police Sergeant Michael Perrone, was qualified as a defense narcotics expert. He testified that, without more facts, the items that were seized "could be for personal use." App. 48. Significantly, however, on cross examination, Sergeant Perrone admitted that in the course of his 25 years of experience as a police officer he could not recall a single case in which he thought that someone who had 108 grams of crack cocaine possessed it solely for personal use. App. 88. That testimony is hardly sufficient to support Atkins' argument that the court committed plain error in omitting a charge on simple possession. In fact, Perrone's testimony corroborates the fact that Atkins possessed the cocaine with the intent to distribute it.

Accordingly, we will affirm his conviction.

---

3. In addition to the 108 grams of crack cocaine taken from Atkins' residence, police seized a loaded FMJ Cobray nine-millimeter machine pistol, a large quantity of ammunition, a "banana clip" loaded with 7.62 ammunition, an additional magazine for a .40 caliber pistol, and two empty gun boxes. Supp. App. 265–277; Supp.App. 325, 337. Atkins was wearing a holster for another weapon which was never recovered. Supp.App. 185–187.